FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 03 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KIMILLIA CARSWELL, ANTHONY DELUCA,**           **PLAINTIFFS**
**and JENNIFER DILLON, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                              No. 4:19-cv-612-JM

**DONDA ENTERPRISES, LLC, and ANSUYA PATEL**           **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Kimillia Carswell, Anthony Deluca and Jennifer Dillon ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Donda Enterprises, LLC, and Ansuya Patel (collectively "Defendants"), do hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1.   Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and all others similarly situated a proper minimum wage and overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

This case assigned to District Judge __Moody__
and to Magistrate Judge __Deere__

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of Arkansas, operating and managing a motel in Hazen.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. Plaintiffs were employed by Defendants at its motel located in the Western Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

8. Plaintiff Carswell is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. Plaintiff Carswell was employed by Defendants as a salaried employee from around August of 2018 until July of 2019.

10. Plaintiff Deluca is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

11. Plaintiff Deluca was employed by Defendants as a salaried employee from August of 2018 to July of 2019.

12. Plaintiff Dillon is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

13. Plaintiff Dillon was employed by Defendants as a salaried employee from around May of 2019 until July of 2019.

14. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

15. Separate Defendant Donda Enterprises, LLC ("Donda"), is a domestic limited liability company.

16. Donda's registered address for service is Ansuya Patel, 1552 Mammoth Drive, Hazen, Arkansas 72064.

17. Separate Defendant Ansuya Patel ("Patel") is the incorporator and organizer of Donda.

18. Upon information and belief, Patel owns all or part of Donda.

19. Patel manages and controls the day-to-day operation of Donda, and dictates the employment policies of Donda, including but limited to the decision to misclassify Plaintiffs under the FLSA.

20. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

## III.
## FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

23. At all relevant times herein, Defendants were "employers" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

24. At all times material herein, Plaintiffs and those similarly situated have been misclassified by Defendants as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

25. At all material times, Defendants failed to pay Plaintiffs and those similarly situated minimum wage as required by the FLSA, 29 U.S.C. § 206.

26. During the period relevant to this lawsuit, Plaintiff Carswell worked at Defendants' Hazen motel as a housekeeper, maintenance worker and front desk worker.

27. During the relevant period, Plaintiff DeLuca worked at Defendants' Hazen motel as a housekeeper, maintenance worker and front desk worker.

28. During the period relevant to this lawsuit, Plaintiff Dillon worked at Defendants' Hazen motel as a housekeeper.

29. At all relevant times herein, Defendants directly hired Plaintiffs and similarly situated employees to work in their motel, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. As housekeeping and maintenance workers, Plaintiffs and similarly situated employees were responsible for maintenance, cleaning, and general upkeep of Defendants' motel.

31. Plaintiffs were classic "blue collar workers" under the FLSA.

32. Most of the time, Plaintiffs' duties at the front desk were ancillary and were not their primary duties.

33. Plaintiffs and all other similarly situated employees lived on-premises.

34. Plaintiffs were required to live on-premises.

35. Rent credits/ rent discounts were a form of compensation to Plaintiffs and similarly situated employees.

36. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the rent discount, in the regular rate when calculating Plaintiffs' and similarly situated employees' overtime pay.

38. At all relevant times herein pursuant to Defendants' common practice, Plaintiffs and similarly situated employees were required to work approximately ten (10) to twenty (20) hours per day.

39. Plaintiffs were required to be "on call" 24 hours per day.

40. Plaintiffs and other similarly situated employees were required to respond to guests' requests and check guests in at the front desk at any time of the day or night.

41. Plaintiffs and other similarly situated employees did not hire or fire any other employee.

42. Plaintiffs and other similarly situated employees were not asked to provide input as to which employees should be hired or fired.

43. Plaintiffs and others similarly situated did not have the authority to discipline or suggest discipline or any other employee.

44. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

45. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.
## REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    a. Minimum wages;

    b. Overtime premiums for all hours worked in excess of forty;

    c. Liquidated damages; and

    d. The costs of this action, including attorney's fees.

46. Plaintiffs propose the following class under the FLSA:

**All employees who lived on-premises in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibits written Consents to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA class members are similarly situated in that they share these traits:

    a. They were not paid proper minimum and overtime wages as required by the FLSA;

    b.    They worked more than 40 hours in some weeks;

    c.    They had substantially similar job duties, requirements, and pay provisions; and

    d.    They lived on-premises and received a rent credit as part of their compensation.

50. Plaintiffs are unable to state the exact number of the class but believe that there are other employees who lived on-premises and were misclassified as salaried employees.

51. Defendants can readily identify the members of the Section 16(b) class, which encompasses all salaried employees who lived on premises.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.
## FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendants have been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendants failed to pay Plaintiffs minimum wage as required by the FLSA.

59. At all times relevant times to this Complaint, Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

60. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

61. Defendants' failure to pay Plaintiffs all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.
## SECOND CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

63. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

65. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66. All times relevant to this Complaint, Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage required by the FLSA.

67. At all times relevant to this Complaint, Defendants misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

68. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

69. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.
## THIRD CAUSE OF ACTION

### (Individual Claims for Violation of AMWA)

71. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 et seq.

73. At all times relevant to this Complaint, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Defendants failed to pay Plaintiffs the minimum wage required by the AMWA.

76. At all times relevant to this Complaint, Defendants misclassified Plaintiffs as exempt from the overtime requirements of the AMWA.

77. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

78. Defendants' failure to pay Plaintiffs a proper minimum wage and all overtime wages owed was willful.

79. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kimillia Carswell, Anthony DeLuca and Jennifer Dillon, each individually on behalf of all others similarly situated respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective action class members;

C. For an order of this Honorable Court entering judgment in their favor against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For attorneys' fees, costs, and pre-judgment interest; and

F.  For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**KIMILLIA CARSWELL, ANTHONY DELUCA and JENNIFER DILLON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com